**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURIE ADAMS,

        Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.   15-35326

D.C. No. 3:13-cv-01969-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted October 4, 2017
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and LAMBERTH,[**] District Judge.

Laurie Adams appeals from the district court's judgment affirming the

denial of her application for supplemental security income. We have jurisdiction

under 28 U.S.C. § 1291. We review *de novo* a district court's order that affirmed a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

denial of Social Security benefits. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). We will set aside a denial of benefits only when the administrative law judge (ALJ)'s decision is "based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted). We affirm.

The only issue on appeal is whether the ALJ erred in rejecting the opinion of Adams' case manager and mental health provider, Rae Daneke. Under the applicable Social Security Administration regulations, Daneke, a qualified mental health practitioner, is an "other" source, *i.e.*, not an "approved" medical source. *See* 20 C.F.R. § 416.913 (2013). An ALJ may reject an "other source" opinion if he provides a "germane" reason for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ determined Daneke's opinion that, among other things, Adams "would struggle in a work setting" conflicted with Adams' activities of daily living. Such a finding, if supported, is well-recognized as a germane reason for devaluing or dismissing the conflicting "other source" opinion. *See, e.g.*, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163-64 (9th Cir. 2008). Here, the ALJ made sufficient findings as to Adams' activities of daily living, supported by the record, such that a reasonable person could conclude those

2

activities conflicted with Daneke's opinion. Our decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017), does not hold otherwise. The *Revels* court determined that the ALJ improperly discounted the other-source opinion due to a) an underlying "flawed understanding of fibromyalgia," and b) certain mistakes of fact concerning the other medical opinions in the record in that case. *Id.* at 665-66.

Our recent decision in *Popa v. Berryhill*, 872 F.3d 901 (9th Cir. 2017), relied on by Adams, rests on materially different facts. In *Popa*, the ALJ did not adequately explain how Popa's activities conflicted with the "other source" assessment that Popa had "moderate limitations" in certain functional areas. The ALJ's references to Popa's attendance at church once a week (which had ceased years earlier) and her occasional shopping for groceries were insufficient to establish that those activities were inconsistent with her moderate limitations. *Id.* at *5. In contrast, the facts concerning Adams' activities of daily living, including Adams' ability to work to earn money when motivated, are directly relevant to an other-source opinion that she is unable to work. In this case, the ALJ unambiguously found several facts concerning Adams' activities of daily living that provided reasonable grounds to discount Ms. Daneke's opinion.

**AFFIRMED.**

3

*Adams v. Berryhill*, No. 15-35326

PAEZ, Circuit Judge, dissenting:

Rae Daneke, a qualified mental health practitioner, provided mental health services to Laurie Adams one-to-three times per month for two years. On the basis of that extended interaction, Daneke opined that Adams "suffers with unpredictable angry outbursts" and "[d]ifficulty with[] keeping appointments, organizing tasks[,] and . . . sustain[ing] attention to task[s]" due to post-traumatic stress disorder and other mental conditions. Daneke concluded that Adams has "little difficulty" with her activities of daily living, but would "struggle in a work setting" and miss more than two days of work per month from even a simple, routine, and sedentary job.

The administrative law judge ("ALJ") discounted Daneke's opinions as to Adams's work-related limitations after concluding that they were "not consistent with [Adams's] daily activities." The ALJ did not elaborate beyond noting that Adams could perform "odd jobs" when motivated. These odd jobs appear to amount to collecting cans and washing friends' dishes, although sometimes Adams would throw away her friends' dishes instead.

An ALJ may discount the opinion of an "other source," such as a qualified mental health practitioner like Daneke, if he provides a reason "germane to [the] witness for doing so." *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017)

(internal quotation marks omitted); *see* 20 C.F.R. § 416.913 (2013). An inconsistency between the "other source" opinion and other parts of the record may constitute a "germane" reason. We have repeatedly held, however, that an ALJ does not provide a "germane" reason for rejecting an "other source" opinion where allegedly contrasting parts of the record can be reconciled and the ALJ inadequately explains the basis for the inconsistency. *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 665–66, 668 (9th Cir. 2017); *Popa*, 872 F.3d at 907.

In *Revels*, we concluded that the ALJ did not provide "germane" reasons for rejecting a physical therapist's opinion and third-party function reports submitted by Revels's mother and father.[1] The ALJ found that the physical therapist's opinion was inconsistent with four medical opinions in the record, 874 F.3d at 665–66, and the third-party function reports were inconsistent with Revels's activities of daily living, *id.* at 668.[2] As for the physical therapist's opinion, we explained that the ALJ "failed to note" that it was consistent with a different medical opinion in the record. *Id.* at 666. We also explained that two of the doctors who provided the allegedly contrasting opinions had not examined Revels

---

[1] Lay witness opinions are also subject to the "germane" reason standard. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

[2] Revels's activities of daily living consisted of "using the bathroom, brushing her teeth, washing her face, taking her children to school, washing dishes, doing laundry, sweeping, mopping, vacuuming, going to a doctor's appointment for her or for one of her children, visiting her mother and father, cooking, shopping, getting gas, and feeding her dogs." *Revels*, 874 F.3d at 667–68.

whereas the physical therapist had examined Revels once for three-and-a-half hours. *Id.* With regard to the third-party function reports, "the ALJ failed to acknowledge that . . . Revels explained that she could complete only some of the tasks in a single day and regularly needed to take breaks—which was consistent with her symptom testimony." *Id.* at 668.

Here, Daneke, a qualified mental health practitioner, examined Adams one-to-three times per month for two years and concluded that she would have marked limitations in a work setting. The ALJ did not provide any explanation as to why those limitations would prevent Adams from performing odd jobs by herself and on her own time, nor does the record support such a finding. To the contrary, at the hearing before the ALJ, Adams testified that she does not pick up cans every day and has difficulty maintaining concentration—which is consistent with Daneke's opinion that Adams would miss more than two days of work per month. Moreover, Daneke herself implicitly opined that Adams's marked work-related limitations were consistent with her mild limitations as to daily activities.[3] The ALJ necessarily rejected that opinion as well, without offering any reason, let alone a "germane" reason, for doing so.

---

[3] In fact, on the same questionnaire page where Daneke indicated that Adams has marked limitations in seven mental residual functional capacities, she also indicated that Adams has only mild limitations with regard to her activities of daily living.

The majority characterizes *Revels* as turning on the ALJ's "flawed understanding of fibromyalgia" and "certain mistakes of fact concerning the other medical opinions in the record." In *Revels*, however, the ALJ's flawed understanding of fibromyalgia undermined a separate and independent reason offered by the ALJ for rejecting the physical therapist's opinion, and that reason is not relevant here. 874 F.3d at 665. And, contrary to the majority's assertion, we did not conclude that the ALJ made mistakes of fact beyond its ultimate failure to demonstrate an inconsistency between the physical therapist's opinion and the rest of the record. Finally, the majority does not attempt to distinguish our further conclusion in *Revels* that the ALJ erred in assigning little weight to the third-party function reports submitted by Revels's mother and father.

The ALJ's conclusory reason for discounting Daneke's opinion was no more "germane" than the reasons we rejected in *Revels*. This was error and Daneke's opinion should be credited. Furthermore, "the record has been fully developed and further administrative proceedings would serve no useful purpose," and "the ALJ would be required to find the claimant disabled on remand" if "the improperly discredited evidence were credited as true."[4] *Id.* at 668 (internal quotation marks

---

[4] A vocational expert testified at the hearing before the ALJ that missing more than two days of work per month would result in termination of employment, as would being off task 20 percent of the time or taking two extra breaks each in the morning and afternoon.

4

omitted).  Therefore, I would reverse the judgment of the district court and remand for an award of benefits.

      For all of the above reasons, I respectfully dissent.